Vincent F. ZARRILLI, Plaintiff,

v.

Governor William WELD,
et al., Defendants.

Civ. A. No. 94–11633–WGY.

United States District Court,
D. Massachusetts.

Feb. 9, 1995.

Vincent F. Zarrilli, pro se.

Phyllis N. Crocket, Atty. Gen's. Office, Boston, MA, for William F. Weld, James Kerasiotes, Fred Salvucci, Peter Zuk, Susan Tierney, John Devillars, Jane Garvey, Com. of Mass., Metropolitan Dist. Com'n, Mass. Turnpike Authority, Mass. Dept. of Public Safety.

George B. Henderson, II, U.S. Atty's. Office, Boston, MA, for Donald Hammer, Edwin P. Holahan, John G. Bestgen, Jr., Daniel J. Berman, U.S. E.P.A., Army Corps of Engineers, John Devillars, Michael Deland, Federal Aviation Admin.

Robert A. Cohen, City of Boston Law Dept., Boston, MA, for Thomas Mennino, Raymond Flynn, Boston Transp. Dept., Paul Evans, Martin Pierce, Joseph Cazazza, Lawrence Dwyer.

Phyllis N. Crockett, Atty. Gen's. Office, Stanley Silas, Massachusetts Port Authority, Keren Schlomy, Legal Counsel, Boston, MA, for Massport Authority.

Phyllis N. Crockett, David Hofstetter, Atty. Gen's. Office, Richard Goldstein, Boston, MA, for Mass. Water Resources Authority.

James J. Myers, Richard P. Quinn, Gadsby & Hannah, Boston, MA, for Bechtel Co., Brinkenhoff Parson, Joint Venture of Bechtel, Brinkenhoff Parsons.

William A. Ryan, Jr., Comins & Newbury, Boston, MA, for McGuire Group.

Kim A. Hazel, Boston, MA, for Massachusetts Bay Transp. Authority.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

### I.  BACKGROUND

*Pro se* plaintiff Vincent F. Zarrilli ("Zarrilli") filed this action in August of 1994 seeking, *inter alia*, to enjoin the construction of the Central Artery depression portion of the Boston Central Artery–Third Harbor Tunnel Project (the "Central Artery Project" or the "Project").  Zarrilli's suit named forty defendants, including various municipal, state, and federal agencies;  assorted state and municipal authorities;  numerous past and present officials of these agencies and authorities;  and several private companies and individuals who are—according to Zarrilli—responsible for the Central Artery Project.  Zarrilli claims that the defendants failed adequately to evaluate the adverse environmental impact of the Project on local residents and did not carefully consider alternatives to depressing the Central Artery—including Zarrilli's own "Boston–Bypass" proposal that he claims would solve Boston's transportation problems.  As a result, Zarrilli argues that the defendants violated the National Environmental Policy Act, 42 U.S.C. § 4331 *et seq* ("NEPA").  Zarrilli also asserts a civil rights claim pursuant to 42 U.S.C. § 1983 and pendent state law claims under the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A, and the Massachusetts Environmental Policy Act, Mass Gen.L. ch. 30, §§ 61–62H.

### II.  PROCEDURAL POSTURE

At a motion session at the Harvard Law School on October 20, 1994, the defendants MWRA and the City of Boston were dismissed from the suit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  The Court granted Zarrilli more time to file opposition to the other state and federal defendants' motions.  On December 28, 1994, the defendant Bechtel Company was dismissed pursuant to Rule 12(b)(6) and Rule 21 misjoinder.  This order addresses the pending motions to dismiss and motions for summary judgment by the remaining state and federal defendants.

### III.  DISCUSSION

#### A.  The State Defendants

■  **1.  Massachusetts Port Authority—** The Massachusetts Port Authority ("Massport") has no statutory authority or responsibility relating to the Central Artery Project.  Rather, it is the Massachusetts Department of Highways that has statutory authority to lay out, construct, or reconstruct state highways, Mass.Gen.L. ch. 16, §§ 1–5, and the Federal Highway Administration provides funding and oversight of the project under 23 U.S.C. §§ 101—155.  Massport's only connection to the Project is contractual, through a Sale/Mitigation Agreement between the Massachusetts Department of Highways, the Department of Public Works, and Massport in which the Department of Public Works acknowledged its responsibility for obtaining all environmental approvals.  Therefore, Massport is dismissed.

■  **2.  State Agencies—**The Massachusetts state agencies have moved to dismiss all claims against them on the ground they are immune from suit under the Eleventh Amendment.[1]  *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984) (Eleventh Amendment applies to suits against the state by its own citizens).  Although the Eleventh Amendment's prohibition of suits against states in federal court can be overcome through either an explicit or constructive waiver, *see Florida Dept. of Health & Rehabilitative Servs. v. Florida Nursing Home Ass'n.*, 450 U.S. 147, 149–50, 101 S.Ct. 1032, 1033–34, 67 L.Ed.2d 132 (1981); *Edelman v. Jordan*, 415 U.S. 651, 653, 94 S.Ct. 1347, 1351, 39 L.Ed.2d 662 (1974), neither type of waiver is present in these circumstances.  Massachusetts has not expressly agreed to be sued in federal court.  More-

---

1.  The Eleventh Amendment of the United States Constitution states,

   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

over, the language of the NEPA does not express any Congressional intent to establish constructive waiver. *See Welch v. Texas Dept. of Highways & Public Transportation,* 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987) (constructive waiver of Eleventh Amendment will be found only where Congress clearly and unequivocally expresses its intent to make states liable). Thus, while the Central Artery Project is largely funded by the federal government, this is insufficient to constitute constructive waiver in the absence of clear congressional intent to condition such funding on a state's consent to federal jurisdiction. *See WJM, Inc. v. Massachusetts Dept. of Public Welfare,* 840 F.2d 996, 1002–03 (1st Cir.1988). Thus, Zarrilli's NEPA claims against the state agencies are barred by the Eleventh Amendment. Zarrilli's state law claims are also barred by the Eleventh Amendment. *See Pennhurst,* 465 U.S. at 119–21, 104 S.Ct. at 918–19 (the constitutional bar against such suits applies to pendent claims as well). Accordingly, all of Zarrilli's claims against the Office of the Attorney General, the Executive Office of Transportation and Construction, the Massachusetts Highway Department, the Metropolitan District Commission, and the Department of Public Safety are dismissed.

■ **3. Former State Officials**—It is well settled that actions against state officers in their official capacities are suits against the office and cannot be maintained against the individual once that person is no longer serving in his or her official capacity. *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). *Cf.* FED.R.CIV.P. 25(d)(1) (allowing an official's successor to be automatically substituted as a party if the original defendant dies or leaves office). Thus, Zarrilli has failed to state a claim against the former state officials and, therefore, Zarrilli's claims against Fred Salvucci, Jane Garvey, Susan Tierney, and John DeVillars (former officers of the Massachusetts Executive Office of Transportation and Construction, the Massachusetts Department of Public Works, the Massachusetts Executive Office of Environmental Affairs, and the Massachusetts Department of Environmental Affairs respectively) are dismissed for failure to state a claim upon which relief can be granted.

■ **4. Current State Officials**—The remaining state defendants—current state officials sued in their official capacities—contend that Zarrilli's § 1983 claim should also be dismissed on the ground that the NEPA operates only upon federal officials and does not create a right enforceable against state officers. In *Ely v. Velde,* 451 F.2d 1130, 1139 (4th Cir.1971), the Fourth Circuit adopted this argument holding that plaintiffs could not bring a § 1983 action against an officer of a Virginia state agency because the NEPA imposed no duties on him, but rather only imposed duties on federal officials. The First Circuit, however, has explicitly rejected the Fourth Circuit's interpretation of the NEPA and has held that the statute imposes duties on state officers acting in their official capacities whenever a non-federal entity has entered into a "partnership" with the federal government. *See Silva v. Romney,* 473 F.2d 287, 289–90 (1st Cir.1973); *Jones v. Lynn,* 477 F.2d 885, 894 (1st Cir.1973) (Coffin, J. concurring); *Aertsen v. Harris,* 467 F.Supp. 117, 120–21 (D.Mass.1979) ("[i]t is well established in this Circuit that 'once the partnership stage has been reached between the federal and non-federal entities, all parties in the process are subject to injunctive processes.'") *Cf. City of Boston v. Volpe,* 464 F.2d 254, 258 (1st Cir.1972) (where there was no firm commitment by the federal government to grant funding, a project was held not yet sufficiently federalized so as to make the action of the local officials "federal action" for purposes of the NEPA). Because the Commonwealth of Massachusetts has entered into a partnership with the federal government with respect to the construction of the Central Artery Project and because the federal government is largely funding the Central Artery Project, the NEPA applies, and Zarrilli's § 1983 suit against state officers acting in their official capacities cannot be dismissed on this ground.

■ Perhaps anticipating this Court's ruling on this argument, the state defendants argue in the alternative that even if the NEPA *does* create a right enforceable against state officials, such claims are never-

theless time-barred. In § 1983 actions, courts borrow the limitations period in the statute of limitations for general and personal torts in the state where the action is filed. *Wilson v. Garcia,* 471 U.S. 261, 278, 105 S.Ct. 1938, 1948, 85 L.Ed.2d 254 (1985). Under Massachusetts law, the limitations period is three years. Mass.Gen.L. ch. 260, § 2A, 4A. Thus, since this lawsuit was filed on August 12, 1994, any of Zarrilli's § 1983 claims which accrued prior to August 12, 1991 must be dismissed.

■ The Final Environmental Impact Statement for the Central Artery Project received final approval from the relevant state and federal authorities in a Record of Decision dated January 27, 1986. At this time, Zarrilli's claim accrued and the action became ripe for review. *See Steubing v. Brinegar,* 511 F.2d 489, 495 (2d Cir.1975) (under NEPA, the date from which to measure delay in bringing suit is the date when plans for the project were approved); *Puerto Rico Conservation Foundation v. Larson,* 797 F.Supp. 1074 (D.P.R.1992) (Gierbolini, C.J.) (claims under the National Environmental Policy Act accrued against the government when decision was made to proceed with the project even where all environmental impact statements had not yet been completed); *Save the Courthouse Committee v. Lynn,* 408 F.Supp. 1323, 1334 (S.D.N.Y.1975) (limitations period runs from the time it should have become clear to the plaintiffs that any other efforts short of litigation would be fruitless because the agency has already decided to proceed). *Cf. National Wildlife Federation v. Goldschmidt,* 677 F.2d 259 (2d Cir.1982) (administrative action with respect to highway construction that involves environmental concerns not ripe for review until the agency has made an official decision to undertake the particular challenged project.)

Zarrilli argues that because supplemental environmental impact statements were filed long after the Final Environmental Impact Statement was released, his claim actually accrued in 1994 when the last one of these supplemental statements was filed. Even if it were true, as Zarrilli claims, that each of these environmental reports were simply segments of one integrated Impact Statement, the decision to go forward with the Central Artery Project—and the rejection of all other alternatives—was nevertheless final as of January, 1986. Therefore, even though the First Circuit has held that the NEPA does create an enforceable right against officers of the state, Zarrilli's § 1983 claim is nevertheless time-barred because Zarrilli did not file his lawsuit until August, 1994—eight years after the accrual of the claim.

5. **Summary**—Thus, with respect to the state defendants, Massport and all state *agencies* and all *former* state officials are dismissed from the suit. Although it is possible that, with respect to the *current* state officials, certain claims challenge actions taken within the relevant limitations period and thus remain, it is unclear from the complaint which claims challenge actions taken between August 1991 and 1994 and which claims are based solely on the selection of the Central Artery Project and the rejection of other alternatives which took place in 1986. Because Zarrilli has not clearly pleaded any claims based on actions taken by the officers of state agencies in the past three years, the current state officials are also dismissed pursuant to Rule 8(a). Zarrilli, however, is granted leave to refile any claims that arise out of actions taken by officers of the state between August 1991 and August 1994, provided that he files a motion for leave to file an amended complaint (accompanied by the amended complaint) within thirty days of the date of this order.

### B. Federal Defendants

As an initial matter, former federal officials Michael Deland and Julie Begala are dismissed from this action for the reasons stated above with respect to former state officials. *See supra.*

■ Second, the federal defendants have moved for partial summary judgment arguing that Zarrilli's claims are barred by the federal statute of limitations and the doctrine of laches. Although the NEPA does not contain its own statute of limitations, all civil actions commenced against the United States government are subject to a general six year limitations period. 28 U.S.C. 2401(a). *See*

*Wind River Mining Corp. v. United States,* 946 F.2d 710 (9th Cir.1990) (six-year statute of limitations applies to administrative procedures act). Thus, as to the federal defendants, any claim that accrued prior to 1988 is time-barred. The centerpiece of Zarrilli's action is his claim that the defendants failed to consider his alternative to the Central Artery Project. As explained *supra,* this claim first accrued in January of 1986 when the federal government issued its approval of the Central Artery Project, and thereby rejected all other alternatives. Thus, to the extent that Zarrilli challenges the government's 1986 Final Environmental Impact Statement, his claims are barred. Because the complaint is ambiguous as to which claims, if any, arise from actions taken by the federal government since 1988, the federal defendants are dismissed, but Zarrilli is granted leave to refile any claims based on actions taken within the limitations period upon the same terms above noted.

■ Alternatively, the federal defendants argue that Zarrilli's claim should be barred by the doctrine of laches. They argue that because over $250 million in expenditures on the Central Artery Project has already been spent, the unreasonable delay in the filing of this suit will result in prejudice to the defendants if Zarrilli were to prevail. It is settled, however, that courts look with disfavor upon the defense of laches to bar suits seeking the protection of environmental concerns, *see Save the Courthouse Committee,* 408 F.Supp. at 1333, and this Court will not rely on such a ground here. *But see Ogunquit Village Corp. v. Davis,* 553 F.2d 243, 244 n. 1 (1st Cir.1977) (noting with approval the district court's dismissal of an NEPA claim on the basis of laches).

## IV. CONCLUSION

For the reasons stated above, the defendants' motions to dismiss and motions for partial summary judgment are granted with leave to refile as any claim against the federal government which accrued after 1988 and any claim against state officials which ac-

crued after 1991, such motion to be filed within thirty days of the date of this order.