[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 95-2373

 VINCENT F. ZARRILLI,

 Plaintiff, Appellant,

 v.

 WILLIAM WELD, GOVERNOR, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge] 

 

 Before

 Selya, Boudin and Lynch,
 Circuit Judges. 

 

Vincent F. Zarrilli on brief pro se. 
Donald K. Stern, United States Attorney, George B. Henderson, II, 
Assistant United States Attorney, Scott Harshbarger, Attorney General, 
and Rosemary Gale, Assistant Attorney General, on brief for appellee 
Governor William Weld.
Merita A. Hopkins, Corporation Counsel, and Elizabeth R. 
O'Donnell, Assistant Corporation Counsel, City of Boston Law 
Department, on brief for appellees City of Boston, Mayor Thomas M.
Menino, Commissioner Paul Evans, Commissioner Martin Pierce,
Commissioner Joseph Casazza, Former Commissioner Lawrence Dwyer,
Former Mayor Raymond L. Flynn, and the Boston Transportation
Department.
 
 APRIL 2, 1997

 
 Per Curiam. Pro se appellant Vincent Zarrilli 

appeals from the district court's grant of summary judgment

for various state and federal defendants and from its denial

of his motion to reconsider.1 The primary thrust of 1

Zarrilli's suit was that the defendants had violated the

National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. 

4331 et seq., and pertinent regulations by not studying his

proposal for a bypass bridge around Boston as an alternative

to depressing the Central Artery. Among other things, he

sought an order halting Artery construction and directing

detailed review of his proposal. After careful review of the

record, we affirm essentially for the reasons given by the

district court in its well reasoned decisions granting

summary judgment. We add only the following comments. 

  

 1The district court granted summary judgment for 1
defendants on Zarrilli's original complaint in Zarrilli v. 
Weld, 875 F. Supp. 68 (D. Mass. 1995). Among other things, 
the court ruled that certain of Zarrilli's claims were
untimely and it dismissed state agencies from the suit under
the Eleventh Amendment. The court granted Zarrilli leave to
amend his complaint to state any timely claims against the
remaining defendants. Zarrilli then filed an amended
complaint. In an unpublished order dated October 25, 1995,
the court granted the defendants' motion for summary
judgment, dismissing the amended complaint on the ground that
the complaint did not state a claim for relief and stated
untimely claims. The court subsequently denied Zarrilli's
motion to reconsider.

 The amended complaint asserted only one federal

claim against the state defendants.2 Zarrilli has not 2

challenged the district court's ruling limiting his 42 U.S.C.

 1983 claims against the state defendants to claims arising

after August 12, 1991. See Zarrilli v. Weld, 875 F. Supp. 

68, 72 (D. Mass. 1995). Four of the Environmental Impact

Statements listed by Zarrilli in Count 1 of the amended

complaint were published subsequent to August 12, 1991. But

Zarrilli makes no mention of these statements on appeal and

thus would appear to have abandoned these claims. None of

the other allegations in the amended complaint forms the

basis for a timely complaint against the state defendants.

At bottom, Zarrilli objected to the defendants' assessment of

his Bypass proposal as of November 1990 or earlier, a clearly

barred claim. His reassertion of that claim in letters

written to state defendants within the limitations period

does not make the claim timely.3  3

 Nor has Zarrilli challenged the district court's

application of the six-year limitations period set forth in

  

 2Zarrilli also brought pendent state law claims against 2
the state defendants, but has not pressed those claims on
appeal. In addition, he alleged that the state defendants
had violated his rights by not publishing a draft of the
November 1990 Final Environmental Impact Statement/Report,
but now concedes that they had no obligation to do so.

 3We do not consider his claim that the defendants' 3
fraudulent concealment of material information tolled the
limitations period, which is the subject of a separate
appeal.

 -3-

28 U.S.C. 2401(a) for civil actions against the United

States, which would only bar claims that accrued prior to

August of 1988. Indeed, the federal defendants have conceded

that the amended complaint stated non-barred claims against

them. Zarrilli asserted that the defendants should have

published a Supplemental Environmental Impact Statement on

his Bypass proposal as part of the 1990-91 Final Supplemental

Environmental Impact Statement/Report. However, even

assuming that defendants had an obligation to evaluate his

Bypass proposal, Zarrilli has not shown that, in relevant

respects, his proposal contained "significant new

circumstances or information" about the environmental impact

of the Artery project or that it was a reasonable alternative

to the Central Artery project. Consequently, defendants had

no obligation to give the proposal any more serious

consideration than they did. See 40 C.F.R.  

1502.9(c)(1)(ii) (an agency must prepare a supplemental

environmental impact statement if there are "significant new

circumstances or information relevant to environmental

concerns and bearing on the proposed action or its impacts");

Forty Most Asked Questions Concerning CEQ's NEPA Regulations,

46 Fed. Reg. 18026, # 29b (1981) (requiring the issuance of

supplemental or draft supplemental environmental statements

on new alternatives which are "reasonable").

 -4-

 Zarrilli made several other complaints as well. He

asserted that the 1990-91 Final Supplemental Environmental

Impact Statement/Report was inadequate because it did not

contain a "worst case analysis." But such an analysis is

only required when there are gaps in the available

information, and Zarrilli has shown no such uncertainty here.

Zarrilli argued that the 1990-91 Final Supplemental

Environmental Impact Statement/Report violated federal

regulations because it was not specific enough. But the

applicable regulations do not require agencies to evaluate

all comments exhaustively. Another acceptable agency

response is the one the defendants chose to make -- providing

valid reasons for why Zarrilli's proposal did not warrant a

detailed response. Finally, Zarrilli complained that the

defendants failed to publish his full proposal in the 1990-91

Final Supplemental Environmental Impact Statement/Report in

violation of NEPA Reg. 1503.4(b). However, the regulation

explicitly permits summaries of exceptionally voluminous

comments, and Zarrilli's proposal certainly falls into this

category.

 Affirmed. 

 -5-