USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2373 VINCENT F. ZARRILLI, Plaintiff, Appellant, v. WILLIAM WELD, GOVERNOR, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Vincent F. Zarrilli on brief pro se. ___________________ Donald K. Stern, United States Attorney, George B. Henderson, II, _______________ _______________________ Assistant United States Attorney, Scott Harshbarger, Attorney General, _________________ and Rosemary Gale, Assistant Attorney General, on brief for appellee _____________ Governor William Weld. Merita A. Hopkins, Corporation Counsel, and Elizabeth R. ____________________ _____________ O'Donnell, Assistant Corporation Counsel, City of Boston Law _________ Department, on brief for appellees City of Boston, Mayor Thomas M. Menino, Commissioner Paul Evans, Commissioner Martin Pierce, Commissioner Joseph Casazza, Former Commissioner Lawrence Dwyer, Former Mayor Raymond L. Flynn, and the Boston Transportation Department. ____________________ APRIL 2, 1997 ____________________ Per Curiam. Pro se appellant Vincent Zarrilli ___________ appeals from the district court's grant of summary judgment for various state and federal defendants and from its denial of his motion to reconsider.1 The primary thrust of 1 Zarrilli's suit was that the defendants had violated the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C.  4331 et seq., and pertinent regulations by not studying his proposal for a bypass bridge around Boston as an alternative to depressing the Central Artery. Among other things, he sought an order halting Artery construction and directing detailed review of his proposal. After careful review of the record, we affirm essentially for the reasons given by the district court in its well reasoned decisions granting summary judgment. We add only the following comments.   ____________________ 1The district court granted summary judgment for 1 defendants on Zarrilli's original complaint in Zarrilli v. ________ Weld, 875 F. Supp. 68 (D. Mass. 1995). Among other things, ____ the court ruled that certain of Zarrilli's claims were untimely and it dismissed state agencies from the suit under the Eleventh Amendment. The court granted Zarrilli leave to amend his complaint to state any timely claims against the remaining defendants. Zarrilli then filed an amended complaint. In an unpublished order dated October 25, 1995, the court granted the defendants' motion for summary judgment, dismissing the amended complaint on the ground that the complaint did not state a claim for relief and stated untimely claims. The court subsequently denied Zarrilli's motion to reconsider. The amended complaint asserted only one federal claim against the state defendants.2 Zarrilli has not 2 challenged the district court's ruling limiting his 42 U.S.C. 1983 claims against the state defendants to claims arising after August 12, 1991. See Zarrilli v. Weld, 875 F. Supp. ___ ________ ____ 68, 72 (D. Mass. 1995). Four of the Environmental Impact Statements listed by Zarrilli in Count 1 of the amended complaint were published subsequent to August 12, 1991. But Zarrilli makes no mention of these statements on appeal and thus would appear to have abandoned these claims. None of the other allegations in the amended complaint forms the basis for a timely complaint against the state defendants. At bottom, Zarrilli objected to the defendants' assessment of his Bypass proposal as of November 1990 or earlier, a clearly barred claim. His reassertion of that claim in letters written to state defendants within the limitations period does not make the claim timely.3  3 Nor has Zarrilli challenged the district court's application of the six-year limitations period set forth in  ____________________ 2Zarrilli also brought pendent state law claims against 2 the state defendants, but has not pressed those claims on appeal. In addition, he alleged that the state defendants had violated his rights by not publishing a draft of the November 1990 Final Environmental Impact Statement/Report, but now concedes that they had no obligation to do so. 3We do not consider his claim that the defendants' 3 fraudulent concealment of material information tolled the limitations period, which is the subject of a separate appeal. -3- 28 U.S.C. 2401(a) for civil actions against the United States, which would only bar claims that accrued prior to August of 1988. Indeed, the federal defendants have conceded that the amended complaint stated non-barred claims against them. Zarrilli asserted that the defendants should have published a Supplemental Environmental Impact Statement on his Bypass proposal as part of the 1990-91 Final Supplemental Environmental Impact Statement/Report. However, even assuming that defendants had an obligation to evaluate his Bypass proposal, Zarrilli has not shown that, in relevant respects, his proposal contained "significant new circumstances or information" about the environmental impact of the Artery project or that it was a reasonable alternative to the Central Artery project. Consequently, defendants had no obligation to give the proposal any more serious consideration than they did. See 40 C.F.R.  ___ 1502.9(c)(1)(ii) (an agency must prepare a supplemental environmental impact statement if there are "significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts"); Forty Most Asked Questions Concerning CEQ's NEPA Regulations, 46 Fed. Reg. 18026, # 29b (1981) (requiring the issuance of supplemental or draft supplemental environmental statements on new alternatives which are "reasonable"). -4- Zarrilli made several other complaints as well. He asserted that the 1990-91 Final Supplemental Environmental Impact Statement/Report was inadequate because it did not contain a "worst case analysis." But such an analysis is only required when there are gaps in the available information, and Zarrilli has shown no such uncertainty here. Zarrilli argued that the 1990-91 Final Supplemental Environmental Impact Statement/Report violated federal regulations because it was not specific enough. But the applicable regulations do not require agencies to evaluate all comments exhaustively. Another acceptable agency response is the one the defendants chose to make -- providing valid reasons for why Zarrilli's proposal did not warrant a detailed response. Finally, Zarrilli complained that the defendants failed to publish his full proposal in the 1990-91 Final Supplemental Environmental Impact Statement/Report in violation of NEPA Reg. 1503.4(b). However, the regulation explicitly permits summaries of exceptionally voluminous comments, and Zarrilli's proposal certainly falls into this category. Affirmed. ________ -5-